Index No. 05 Civ. 8084 (HB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM J. CARMODY,

Plaintiff,

- against -

THE CITY OF NEW YORK; POLICE DEPARTMENT CITY OF NEW YORK; THE CIVILIAN COMPLAINT REVIEW BOARD; RAYMOND W. KELLY, Police Commissioner; JOSEPH ESPOSITO; Chief, Chief of Department; MURPHY, Lieutenant, Chief of Department; DARRYL WEIR, Sergeant, Chief of Department; RAFAEL PINEIRO, Chief, Personnel Bureau; ARNOLD S. WECHSLER, Director Employee Management Division; KEVIN KENNEY, Sergeant, Employee Management Division; CHARLES V. CAMPISI, Chief Internal Affairs Bureau; PIGNATARO, Captain, Internal Affairs Bureau Group 22; MATHEW GRACEN, Lieutenant, Internal Affairs Bureau Group 22; MARLENE BEAMAN, Lieutenant, Internal Affairs Bureau Group 22; RIVERA, Sergeant, Internal Affairs Bureau Group 22; FLORENCE L. FINKLE, Executive Director, Civilian Complaint Review Board; VANESSA J. ROSEN, Investigator, Civilian Complaint Review Board; each defendant being sued in their individual and official capacity,

Defendants.

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Lawrence J. Profeta*
*Tel: (212) 788-0954*
*NYCLIS No. 05 LE 000308*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WILLAIM CARMODY,

                              Plaintiff,

              -against-                        05 CV 8084 (HB)

THE CITY OF NEW YORK; POLICE DEPARTMENT CITY OF NEW YORK; THE CIVILIAN COMPLAINT REVIEW BOARD; RAYMOND W. KELLY, Police Commissioner; JOSEPH ESPOSITO; Chief, Chief of Department; MURPHY, Lieutenant, Chief of Department; DARRYL WEIR, Sergeant, Chief of Department; RAFAEL PINEIRO, Chief, Personnel Bureau; ARNOLD S. WECHSLER, Director Employee Management Division; KEVIN KENNEY, Sergeant, Employee Management Division; CHARLES V. CAMPISI, Chief Internal Affairs Bureau; PIGNATARO, Captain, Internal Affairs Bureau Group 22; MATHEW GRACEN, Lieutenant, Internal Affairs Bureau Group 22; MARLENE BEAMAN, Lieutenant, Internal Affairs Bureau Group 22; RIVERA, Sergeant, Internal Affairs Bureau Group 22; FLORENCE L. FINKLE, Executive Director, Civilian Complaint Review Board; VANESSA J. ROSEN, Investigator, Civilian Complaint Review Board; each defendant being sued in their individual and official capacity

                              Defendants.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PARTIALLY THE COMPLAINT

### PRELIMINARY STATEMENT

       This is an action for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983 and 1985(3), and pendent state law claims brought by a white male who was employed as a probationary New York City Police Officer from July 2002 to

February 2005.  See Amended Complaint (annexed as Exhibit B to the accompanying Declaration of Lawrence J. Profeta) at ¶¶ 2, 4, 13, 52.  Plaintiff premises his lawsuit[1] upon claims that, during his employment, he was subjected to various "illegal and unwarranted adverse employment actions" because of his "close affiliation . . . and refusal to abandon [his] friendship" with a fellow Police Officer, Manuel Gomez (id., at ¶ 16), who had "filed a discrimination lawsuit against defendant NYPD" and was involved with the Latino Officers Association (id., at ¶¶ 14-15).  Plaintiff claims that he was a victim of "retaliation" (id., Counts I, III, IX, XI), a "hostile work environment" (id., Counts II, IV, X, XII), various conspiracies to interfere with or deprive plaintiff of his constitutional rights (id., Counts V, VI, VII, VIII) and the "intentional infliction of emotional distress and intentional interference with employment contract" (id., Count XIII).

Defendants move to dismiss partially[2] the Amended Complaint because it fails to state a cause of action with respect to certain claims and certain defendants.

As set forth more fully in Point I, infra, the Amended Complaint should be dismissed in its entirety against certain individual defendants (Joseph Esposito, "Murphy," Rafael Pineiro, Charles V. Campisi, "Pignataro," Mathew Gracen and "Rivera") because there are no factual allegations set forth therein that would indicate that these defendants were personally involved in any alleged misconduct that purportedly gave rise to plaintiff's claims.

---

[1] On or about September 19, 2005, plaintiff commenced this action by filing a complaint that appears incomplete and contained many references regarding an another client of plaintiff's counsel.  See Profeta Dec., Exhibit A thereto at p. 1, and at ¶¶ 51-89.  Shortly thereafter, plaintiff filed the current Amended Complaint.  Profeta Dec., Exhibit B.

[2] Because this is a motion to dismiss and all well-pleaded allegations are accepted as true for purposes of the motion, defendants focus solely upon those aspects of plaintiff's Amended Complaint that are patently deficient.  In no way do defendants concede the truth or validity of plaintiff's remaining claims.

As set forth more fully in Point II, infra, plaintiff's conspiracy claims should be dismissed because they are unsupported by factual allegations and barred by the intra-corporate conspiracy doctrine.  As set forth in Point III, infra, plaintiff's state law claim for intentional infliction of emotional distress and intentional interference with employment contract should be dismissed because plaintiff failed to file a notice of claim and/or plead that he has done so.  Finally, as set forth in Point IV, infra, claims against the New York City Police Department ("NYPD") and Civilian Complaint Review Board ("CCRB") should be dismissed because these two New York City agencies are not suable entities.

## ARGUMENT

### POINT I

**PLAINTIFF'S CLAIMS AGAINST SEVEN INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT ALLEGE THAT THEY WERE PERSONALLY INVOLVED IN ANY ALLEGED WRONGFUL CONDUCT**

Fourteen individuals are named defendant in the Amended Complaint.  However, with respect to at least seven (i.e., Joseph Esposito, "Murphy," Rafael Pineiro, Charles V. Campisi, "Pignataro," Mathew Gracen and "Rivera"), the Amended Complaint is bereft of any factual allegations that would indicate personal involvement in the alleged misconduct.

To state a claim against an individual pursuant to 42 U.S.C. §§1981, 1983 or 1985, a plaintiff must set forth facts establishing personal involvement in the alleged deprivation of civil rights.  See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (§ 1983 claim defective in the absence of any allegations of personal involvement); Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 71 (2d Cir. 2000) (§ 1981 claim against individual defendants dismissed because plaintiff failed to show a causal relationship between their alleged acts and

alleged harassment); Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004) (§ 1983 claims against individual defendant dismissed where no direct allegation or material facts that he engaged directly in any discriminatory conduct); MacRae v. Motto, 543 F. Supp. 1007, 1011 (S.D.N.Y. 1982) ("[a]bsent any substantive allegations against a named defendant, [§ 1983] claim against that defendant must be dismissed").

Except for lumping various individual defendants together in certain boilerplate allegations of wrongdoing contained in that part of the Amended Complaint that asserts and enumerates plaintiff's claims herein (see Amended Complaint at ¶¶ 79 et seq.), the Amended Complaint contains not a single factual allegation with respect to the following six individual defendants: Joseph Esposito, Murphy, Charles Campisi, Pignataro, Mathew Gracen and Rivera.[3] Furthermore, with respect to another individual defendant (Rafael Pineiro), the only allegation in the Amended Complaint of personal involvement pertains to receipt of a memorandum written by plaintiff. See Amended Complaint at ¶ 48. As a matter of law, this is insufficient to saddle an individual defendant with potential liability. It is well settled that sending a supervisory official a letter and/or grievance is insufficient to create personal involvement. Hernandez v. Goord, 312 F. Supp.2d 537, 547 n.6 (S.D.N.Y. 2004); see also Williams v. Cooney, 01 Civ. 4623, 2003 U.S. Dist. LEXIS 24870, *25-26 (S.D.N.Y. Aug. 4, 2003),[4] adopted in relevant part, 2004 U.S. Dist. LEXIS 3648 (S.D.N.Y. 2004) (merely sending letters to supervisory officials requesting an investigation not sufficient to hold those officials liable for the alleged violations).

---

[3] During the January 5, 2006 initial conference, plaintiff's counsel, Eric Sanders, Esq., consented to the dismissal of any claims asserted against defendants Esposito and Campisi. During a subsequent telephone conversation, Mr. Sanders suggested that when defendants move to dismiss the claims asserted against certain individual defendants, the motion should include reference to Esposito and Campisi. See Profeta Dec. at ¶ 4.

[4] Copies of the unpublished decisions cited herein are annexed hereto.

For the same reasons, any claims plaintiff purports to assert against these seven individual defendants under the New York State and New York City Human Rights Laws should be dismissed. In Tomka v. Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), the Second Circuit ruled that only a defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under New York State and New York City human rights laws. See also Chapkines v. New York University, 02 Civ. 6355, 2004 U.S. Dist. LEXIS 2990 (S.D.N.Y. Feb. 25, 2004); Prudent v. Caspi, 2004 U.S. Dist. LEXIS 17011 (S.D.N.Y. Aug. 25, 2004) (to be personally liable under the state or city human rights law, one must actively engage in the discriminatory conduct); Kato v. Ishihara, 239 F. Supp.2d 359, 365 (S.D.N.Y. 2002), aff'd, 360 F.3d 106 (2d Cir. 2004) (individual may be held liable under the New York City Human Rights Law only if he or she actually engaged in "discriminatory acts").

Thus, because the Amended Complaint sets forth no facts to indicate that any of the seven defendants at issue herein "actually participate[d]" in any of the alleged wrongful conduct that gave rise to plaintiff's purported claims, plaintiff's claims must be dismissed as to these defendants.

### POINT II

**PLAINTIFF'S CONSPIRACY CLAIMS PRUSUANT TO 42 U.S.C. §§ 1983 AND 1985 SHOULD BE DISMISSED**

Counts V-VIII of the Amended Complaint purport to set forth claims of conspiracies in violation of 42 U.S.C. §§ 1983 and 1985(3) allegedly engineered among various defendants to deprive plaintiff of his constitutional rights. These claims fail to state a cause of action as they are based solely upon conclusory boilerplate allegations, and, in any event, are barred by reason of the intra-corporate conspiracy doctrine.

A.     **Plaintiff has failed to adequately allege a conspiracy between and among the defendants**

It is well settled that "in order to maintain an action [for conspiracy] under Section 1985, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" See Pinero v. Long Island State Veterans Home, 375 F. Supp.2d 162, 169 (E.D.N.Y. 2005), citing Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003) quoting Romer v. Morgenthau, 119 F. Supp.2d 346, 363 (S.D.N.Y. 2000). The same requirement exists for conspiracy claims brought under Section 1983. See Romer, 199 F. Supp.2d at 363-64. For this reason, a "complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Pinero, supra, 375 F. Supp.2d at 169, quoting Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999).

To the extent plaintiff purports to assert claims of conspiracy under Sections 1983 and 1985, he fails to state a claim under both statutes. Plaintiff's complaint provides no basis, much less any facts, to support his claims that the actions of the defendants herein were part of an alleged conspiracy between and amongst the defendants to achieve a common objective. Rather plaintiff merely states, in conclusory fashion, that certain defendants conspired with one another.

B.     **Plaintiff's claims must fail because the City cannot conspire with itself**

Even if plaintiff's conspiracy claims were adequately plead, his claims would still fail. It is well settled that pursuant to the "intra-corporate (or intraenterprise) conspiracy doctrine...members of a single entity cannot be found to have conspired together with such entity or in their capacity as members of the entity. . . . . [Such] defendants cannot, as a matter of law, be found to have conspired together." Linder v. City of New York, 263 F. Supp.2d 585,

591 (E.D.N.Y. 2003). Here, the alleged conspiracies took place entirely among members of either (a) the NYPD (see Amended Complaint, Counts V-VI), or (b) the CCRB (id., Counts VII-VIII) – and were supposedly perpetrated by defendants alleged to have been acting under color of state law and in their capacity as employees of New York City agencies. Accordingly, plaintiff's conspiracy claims should be dismissed because these defendants cannot be found to have conspired amongst themselves or with fellow agents of the City and/or with the City.

## POINT III

### PLAINTIFF'S STATE LAW TORT CLAIM IS BARRED BECAUSE PLAINTIFF FAILED TO FILE A NOTICE OF CLAIM

State notice of claim provisions are matters of substantive state law which must be applied by federal courts to pendent state claims. Felder v. Casey, 487 U.S. 131, 151, 108 S. Ct. 2302, 2313-14 (1988) (requiring application of state notice of claim procedures to state law claims pending in federal court). When state law specifies a particular notice of claim procedure, federal courts are not free to substitute another procedure. See, e.g., McNeil v. Aquilos, 831 F. Supp. 1079, 1085 (S.D.N.Y. 1993) (EEOC filing cannot satisfy the notice of claim requirement); Wrenn v. New York City Health and Hospitals Corporation, 104 F.R.D. 553, 557 (S.D.N.Y. 1995); see also, Davidson v. Bronx Municipal Hospital, 64 N.Y.2d 59, 62, 484 N.Y.S.2d 533, 535 (1984) (summons and Amended Complaint cannot substitute for a notice of claim; Amended Complaint dismissed with prejudice).

Plaintiff's claim for intentional infliction of emotional distress and intentional interference with an employment contract should be dismissed because plaintiff failed to allege that he filed a notice of claim as required by New York General Municipal Law §50-e(1)(a) concerning this alleged claim. That statute, provides, in pertinent part:

> In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section *within ninety days after the claim arises*; . . .

N.Y. General Municipal Law § 50-e(1)(a) (emphasis added).

If a plaintiff fails to properly file a notice of claim, he will be deemed to have failed to satisfy a necessary condition precedent to initiating his claim, and an action thereafter filed will be dismissed. See Harris v. City of New York, 297 A.D.2d 473, 747 N.Y.S.2d 4 (1st Dep't 2002); Alfred Santini and Co. v. City of New York, 266 A.D.2d 119, 698 N.Y.S.2d 678 (1st Dep't 1999). Because plaintiff herein has not filed a notice of claim concerning his alleged tort cause of action, nor has he plead that he has filed a notice of claim, his claim for intentional infliction of emotional distress[5] and intentional interference with an employment contract should be dismissed.

### POINT IV

**PLAINTIFF'S CLAIMS AGAINST DEFENDANTS NYPD AND CCRB SHOULD BE DISMISSED BECAUSE THEY ARE NOT SUABLE ENTITIES**

As agencies of the City of New York, the NYPD and CCRB may not be sued in their independent capacities. See New York City Charter § 396. Courts have consistently

---

[5] Moreover, New York courts have held that public policy bars bringing the tort of intentional infliction of emotional distress against a government entity. Lauer v. City of New York, 240 A.D.2d 543, 659 N.Y.S.2d 57 (2d Dep't 1997) (citing cases). a claim for intentional infliction of emotional distress cannot be brought against a government entity. Consequently, plaintiff's intentional infliction of emotional distress claim should be dismissed on this ground as well.

dismissed claims against New York City agencies. See, e.g., Lovanyak v. Cogdell, 955 F. Supp. 172, 174 (E.D.N.Y. 1996); Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); American Tel. & Tel. Co. v. New York City Human Resources Admin., 833 F. Supp. 962, 967 n. 1 (S.D.N.Y. 1993); Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992); Martin v. City of New York, 627 F. Supp. 892, 894 n.2 (E.D.N.Y. 1985). Accordingly, the complaint herein must be dismissed as to defendants NYPD and CCRB on the grounds that they are not suable entities.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss, in part, the Amended Complaint should be granted, together with such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         January 20, 2006

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-186
                                        New York, New York 10007
                                        (212) 788-0954

                                        By: _____
                                            Lawrence J. Profeta (LP-5674)
                                            Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2006, I caused to be served on plaintiff by first-class United States mail, postage pre-paid, a true and correct copy of the annexed Memorandum of Law in Support of Defendants' Motion to Dismiss by depositing same in a container under the control or custody of the U.S. Postal Service addressed to Jeffrey L. Goldberg, P.C., attorney for plaintiffs, at the following address:

Jeffrey L. Goldberg, P.C.
2001 Marcus Avenue, Suite S10
Lake Success, NY 11042

this being the address designated by plaintiff for service.

Dated:     New York, New York
           January 20, 2006

_____
Lawrence J. Profeta