UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
WILLIAM J. CARMODY,

                        **Plaintiff,**

        - against -

THE CITY OF NEW YORK; POLICE
DEPARTMENT CITY OF NEW YORK; THE
CIVILIAN COMPLAINT REVIEW BOARD;
RAYMOND W. KELLY, Police Commissioner;
JOSEPH ESPOSITO, Chief, Chief of Department;
MURPHY, Lieutenant, Chief of Department; DARRYL
WEIR, Sergeant, Chief of Department; RAFAEL
PINEIRO, Chief, Personnel Bureau; ARNOLD S.
WECHSLER, Director Employee Management
Division; KEVIN KENNEY, Sergeant, Employee
Management Division; CHARLES V. CAMPISI, Chief
Internal Affairs Bureau; PIGNATARO, Captain,
Internal Affairs Bureau Group 22; MATTHEW
GRACEN, Lieutenant, Internal Affairs Bureau Group
22; MARLENE BEAMAN, Lieutenant, Internal Affairs
Bureau Group 22; RIVERA, Sergeant, Internal Affairs
Bureau Group 22; FLORENCE L. FINKLE, Executive
Director, Civilian Complaint Review Board; VANESSA
J. ROSEN, Investigator, Civilian Complaint Review
Board; each defendant being sued in their individual
and official capacity

                        **Respondents.**

------------------------------------------------------------------------x

05 Civ. 8084 (HB)

**OPINION & ORDER**

**Hon. HAROLD BAER, JR., District Judge:**

       Plaintiff, William Carmody, filed a complaint against the above-named seventeen defendants alleging that they engaged in several incidents of harassment, retaliation, and conspiracy against him in violation of federal and state civil rights laws while he was a police officer with the New York City Police Department ("NYPD").[1] Defendants move to partially dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for

---

[1] Plaintiff brings his claim pursuant to the following federal and state laws: 42 U.S.C. § 2003e-3, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, New York State Executive Law § 296, New York City Administrative Code § 8-502, and New York State common law.

1

failure to state a claim upon which relief can be granted as to seven of the individually named defendants, Joseph Esposito, "Murphy", Rafael Pineiro, Charles V. Campisi, "Pignataro", Matthew Gracen, and "Riveria." Additionally, Defendants NYPD (sometimes "Department") and the Civilian Complaint Review Board ("CCRB") move to dismiss the complaint on the basis that they are not suable entities under the New York City Charter. For the reasons stated below, this motion is GRANTED as to these nine defendants.

## I. BACKGROUND

In a Rule 12(b)(6) motion, the allegations in the Plaintiff's Amended Complaint are taken as true. See Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). Plaintiff recounts the following. He was hired as a NYPD office around July 2002. Plaintiff's harassment and retaliation by the above-named defendants began when he was transferred to the 43rd Precinct in January 2003. At the 43rd Precinct, Plaintiff, a white male, was assigned to Operation Impact and partnered with Police Officer Manuel Gomez, a Hispanic officer. During their partnership, Gomez filed a discrimination lawsuit against the NYPD. As a result of this lawsuit and Plaintiff's close association with Gomez, Plaintiff alleges that certain police officers discriminated against and harassed him. Plaintiff alleges that the harassment and retaliation increased after he, along with four other officers, exposed misconduct in the 43rd Precinct and reported such misconduct to the Internal Affairs Bureau ("IAB"). Around February 5, 2004, plaintiff was notified by defendant, Florence Finkle, that certain allegations of misconduct had been found to be substantiated as against him by defendant Vanessa Rosen, CCRB Investigator.

In March 2004, Plaintiff filed an official complaint with the Department Advocate's Office, Patrolman's Benevolent Association ("PBA") as well as defendant, Finkle, with regard to defendant Rosen's actions during the misconduct investigation. Plaintiff claims that Rosen intentionally omitted crucial information that would have cleared him of all misconduct charges. On approximately November 1, 2004, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC").[2] Plaintiff was terminated by the Department on February 22, 2005 for misconduct as well as residency fraud. As a result of the actions above, Plaintiff requests compensatory and punitive damages from the above-named defendants.

---

[2] The Amended Complaint does not indicate, what, if anything, happened as a result of plaintiff's complaint filed with the EEOC.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the movant must establish that the plaintiff failed to "state a claim upon which relief can be granted." FED. R. CIV. PRO. 12(b)(6). In ruling on a Rule12(b)(6) motion, this Court must construe all factual allegations in the complaint in favor of the non-moving party. See Krimstock v. Kelly, 306 F.3d 40, 47 - 48 (2d Cir. 2002). A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. DISCUSSION

Plaintiff brings retaliation and hostile work environment claims against defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, New York State Executive Law § 296, and New York City Administrative Code § 8-502. He brings a conspiracy claim pursuant to 42 U.S.C. §§ 1983, 1985(3) as well as an intentional infliction of emotional distress and intentional interference with an employment contract claim pursuant to the New York State common law. For the most part, plaintiff's claims charge that the defendants engaged in a conspiracy to violate his constitutional rights as well as harassed and retaliated against him while he served as a NYPD officer.

*A. NYPD and CCRB*

To begin with, Defense counsel contends that the NYPD and the CCRB are not suable entities in their independent capacities, thus, all claims against these parties should be dismissed. I agree.

NYPD and CCRB are agencies of the City of New York. Pursuant to the explicit terms of the New York City Charter, all actions that allege violations of law against a Department of the City must be brought in the name of the City of New York, and not the Department. See NEW YORK CITY CHARTER § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); See also Montes v. King, 2002 WL 424318, *5 (S.D.N.Y. Mar. 19, 2002) (providing that the New York City Police Department is not a suable entity). Consequently, all claims against the NYPD and the CCRB are dismissed.

*B. Individually Named Defendants*

Joseph Esposito, "Murphy", Rafael Pineiro, Charles V. Campisi, "Pignataro", Matthew Gracen, and "Riveria" move to dismiss the claims filed against them based on the failure of the plaintiff to allege any personal involvement in the alleged misconduct.[3] Since this is my reading of the complaint as well, the motion to dismiss is granted. An analysis as to these claims follows.

*1. Title VII Claims Against the Seven Movants*

This section will discuss the retaliation and hostile work environment claims plaintiff alleges under Title VII of the Civil Rights Act of 1964. Plaintiff also alleges retaliation and hostile work environment pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981. The § 1981 claim is discussed in Part Two below.

*A. Retaliation*

Plaintiff contends that defendants retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3.[4] To establish a claim here, the plaintiff must allege the prongs necessary to prove a prima facie case. They include: 1) that plaintiff engaged in a protected activity known to the defendant, 2) suffered an adverse employment action, and 3) there exists a causal connection between the protected activity and the adverse employment action. See Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000). Here, the Amended Complaint clearly alleges the second element, namely, that he suffered an adverse employment action. See Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999) (providing that an adverse employment action may include "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand."). Plaintiff was discharged in February 2005.

However, Plaintiff failed to sufficiently plead the first and third elements required to establish a retaliation claim. Plaintiff states that he filed an official complaint with the PBA in March 2004 as well as an EEOC complaint in November 2004. Amended Complaint ¶ 37, ¶ 47. Both complaints qualify as protected activities under Title VII. See, e.g., Raniola v. Bratton, 243 F.3d 610, 624 (2d Cir. 2001). However, Plaintiff failed to allege that any of the seven defendants

---

[3] Defendant does not challenge the sufficiency of the plaintiff's claims in this matter and, correspondingly, this Court does not rule on that basis.
[4] This section makes it illegal for an employer to discriminate against an employee based on participation in any Title VII enforcement or investigation action.

knew of either the EEOC complaint or the internal complaint filed with PBA, as required to meet the first element.

Further, the Plaintiff fails to satisfy the third element. Although Plaintiff was fired a couple of months after he filed the EEOC complaint, as mentioned previously, it is not alleged that any of the defendants knew about either complaint. Without this knowledge, the requisite causal connection between the adverse employment action and the protected activity is not made out and the claim must fail.

The motion to dismiss the Title VII retaliation claim is granted as to all seven individual defendants.

*B. Hostile Environment Claim*

To state a claim under Title VII for hostile work environment, the Plaintiff must allege that their work environment was "abusive." Harris v. Forklift, 510 U.S. 17, 22 (1993). A work environment is abusive when harassment has reached a level that is "sufficiently severe or pervasive [so as] to alter the conditions of the victim's employment." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (internal quotation marks omitted). This Court looks at the totality of the circumstances to determine harassment. This includes "the quantity, frequency, and severity of the incidents." Richardson v. New York State Dep't of Correctional Serv., 180 F.3d 426, 437 (2d Cir. 1999) (internal quotation marks and citations omitted). To succeed, the Plaintiff must show that "either a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of [his] working environment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) (internal quotation marks omitted).

The Plaintiff does not allege any instances of abusive behavior or harassment against the seven individually named defendants. Put another way, there is nothing in the Complaint to suggest that any of the defendants contributed to the hostile work environment Plaintiff contends he endured while employed with the NYPD.

The motion to dismiss this claim too is granted as to all defendants.

*2. §1981 and §1983*

Section 1981 forbids discrimination with regard to the conditions of a contractual relationship while §1983 allows individuals to sue others who violate their constitutional rights. To state a claim against an individual pursuant to 42 U.S.C. §1981 and §1983, a plaintiff must

set forth facts that establish the personal involvement of the individual in the alleged deprivation of civil rights. See, e.g., Back v. Hastings on Hudson Union Free School District, 365 F. 3d 107, 127 (2d Cir. 2004) (dismissing § 1983 claim against defendant where there was no allegation or material fact that demonstrated that he directly engaged in any discriminatory conduct); Whidbee v. Garzarelli Food Specialities, Inc., 223 F.3d 62, 75 (2d Cir. 2000) (dismissing § 1981 claim against individual for failure to demonstrate personal involvement by the defendant). Personal involvement can be demonstrated in any of the following ways: 1) defendant directly participated in the alleged wrongdoing, 2) defendant failed to remedy the wrong after being informed via a report or appeal, 3) defendant created a policy or custom under which unconstitutional acts occurred, or allowed the continuance of such policy, 4) defendant was grossly negligent in supervising subordinates who committed the illegal acts, or 5) defendant exhibited deliberate indifference by failing to act on information indicating unconstitutional acts were occurring. Back, 365 F.3d at 127. Merely holding a position of authority or supervision is not enough. See, e.g., Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).

With the exception of broad, conclusory allegations stated in the plaintiff's enumerated claims, no factual allegations of wrongdoing are asserted against six of the defendants – Joseph Esposito, "Murphy", Charles V. Campisi, "Pignataro", Matthew Gracen, and "Riveria." See Amended Complaint ¶¶ 79 et seq. Further, nowhere in the Amended Complaint does the Plaintiff allege that any of these six defendants participated, either directly or in their supervisory capacity, in the alleged illegal acts.[5] Without this, the motion to dismiss the §1981 and §1983 claims must, and hereby are, granted as to these individuals.

With regard to defendant Rafael Pineiro, identified in the Amended Complaint as Chief of the Personnel Bureau, Plaintiff alleges that he submitted a memorandum to Pineiro outlining the retaliatory actions by officials at NYPD. Amended Complaint ¶48. Although not plead, Pineiro presumably did nothing upon receipt of the memorandum from plaintiff. This fact, if true, may have been helpful, but even if alleged, and it was not, courts have concluded that merely sending a letter to a supervisory official does not rise to the level of personal liability. See, e.g., Garrido v. Coughlin, 716 F.Supp. 98, 100 (S.D.N.Y. 1989) (finding that defendant's failure to respond to plaintiff's letter of protest or to request an investigation of the plaintiff's

---

[5] Plaintiff's reply brief argues that these defendants were personally involved in the alleged illegal acts, primarily in their supervisory capacities. However, the citations to the Amended Complaint do not discuss any wrongful acts by the defendants, nor even mention any of the defendants by name.

allegations was insufficient to establish liability). While clearly this inaction does not posit personal liability for Chief Pineiro, it should not be confused with being a badge of honor either. A system whereby letters, especially letters from members of the force, are answered and answered promptly is obviously to be preferred.

Further, there is no allegation that Pineiro was either grossly negligent or exhibited deliberate indifference in his purported decision not to follow-up on plaintiff's memorandum. See Gant ex rel. v. Wallingford Bd. of Educ., 195 F.3d 134, 141 (2d Cir. 1999) ("[D]eliberate indifference can be found when the defendant's response to known discrimination 'is clearly unreasonable in light of the known circumstances.'"). Plaintiff does not even allege whether or not there was a duty for Pineiro to investigate. In fact, it appears there was a formal grievance procedure via the PBA by which to adjudicate Plaintiff's grievance and it was never utilized. Without more, I find that Plaintiff's §§1981 and 1983 claims against Pineiro must fail.

2. *Conspiracy Claims*

Plaintiff also contends that the defendants conspired to violate his constitutional rights pursuant to §§1983 and 1985(3). In order to survive a motion to dismiss on a § 1983 conspiracy claim, the plaintiff must allege 1) an agreement between two or more state actors, 2) concerted acts to inflict an unconstitutional injury, and 3) an overt act in furtherance of the goal. See, e.g., Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). A complaint that includes vague allegations and fails to include specific instances of misconduct will not withstand a motion to dismiss. See, e.g., Id. Specifically, plaintiff must provide a factual basis that supports an allegation that the defendants "entered into an agreement, express or tacit, to achieve the unlawful end." Romer v. Morgenthau, 119 F.Supp.2d 346, 363 (internal quotations and citations omitted). The same standard applies under both sections.[6]

The plaintiff fails to allege the prerequisites needed to sustain a conspiracy claim against any of the seven individual defendants. As mentioned above, plaintiff fails to allege any agreement in the Amended Complaint between six of the seven defendants (Joseph Esposito, "Murphy", Charles V. Campisi, "Pignataro", Matthew Gracen, and "Riveria"). With regard to Pineiro, paragraph 48 of the Complaint fails to allege facts that would suggest that Pineiro

---

[6] To state a claim under 42 U.S.C. §1985(3), a plaintiff must plead: 1) a conspiracy, 2) for the purpose of depriving, either directly or indirectly, any person of equal protection of the law, 3) an act in furtherance of the conspiracy, 4) injury. See Straker v. Metro. Transit Auth., 333 F.Supp.2d 91, 98 (E.D.N.Y. 2004).

7

conspired with anyone to violate the plaintiff's constitutional rights. The extent of the allegation against Pineiro is that he received from Plaintiff a memorandum that outlined the harassment and retaliatory activity of the other named defendants toward the Plaintiff. There is no allegation to even suggest an agreement by Pineiro with one or more of the individual defendants, or for that matter <u>anyone</u> else, to violate §1983 or §1985(3). Thus, the motion to dismiss is granted with respect to the conspiracy claims brought against all seven defendants.

*3. State Law Claims*

Since I have granted the motion to dismiss as to the federal claims over which I had original jurisdiction, I decline to exercise pendant jurisdiction over the state law claims. See 28 U.S.C. §1367(c)(3). As such, the state claims against all seven defendants as well as the NYPD and the CCRB are dismissed.

## IV.  CONCLUSION

For the reasons above, this motion to dismiss is granted with prejudice as to individual defendants Joseph Esposito, "Murphy", Rafael Pineiro, Charles V. Campisi, "Pignataro", Matthew Gracen, and "Riveria" on the grounds of lack of personal involvement. The motion to dismiss is granted without prejudice as to the NYPD and the CCRB.

**IT IS SO ORDERED.**

New York, New York
May ___, 2006

_____
U.S.D.J.