UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
WILLIAM J. CARMODY,

                       Plaintiff,

        - against -

THE CITY OF NEW YORK, *et al.*

                       Defendants.
------------------------------------------------------------------------x

05 Civ. 8084 (HB)

<u>OPINION & ORDER</u>

Hon. HAROLD BAER, JR., District Judge[*]:

      Before the Court is Defendants' unopposed motion to renew their application for costs against Plaintiff William J. Carmody ("Plaintiff"). For the reasons set forth below, Defendants' motion for costs is granted in the amount of $859.40.

## I. PROCEDURAL HISTORY[1]

      In September 2005 Plaintiff brought this civil rights action alleging that during his tenure as a New York City Police Department officer, Defendants harassed him and retaliated and conspired against him in violation of federal and state law.[2] On May 11, 2006, this Court granted Defendants' motion to dismiss with respect to some Defendants and causes of action. *Carmody v. City of New York*, No. 05 Civ. 8084, 2006 WL 1283125 (S.D.N.Y. May 11, 2006). On November 13, 2006, this Court granted Defendants' motion for summary judgment as to the remaining Defendants and causes of action, and dismissed the case. *Carmody v. City of New York,* No. 05 Civ. 8084, 2006 WL 3317026 (S.D.N.Y. Nov. 13, 2006). Plaintiff filed a timely appeal.

      On December 27, 2006, Defendants filed an application for costs totaling $1,557.10 against Plaintiff pursuant to Fed. R. Civ. P. 54. *See* Profeta Decl. Ex. A. The application was stayed pending Plaintiff's appeal, which the Second Circuit dismissed on June 4, 2007. Profeta Decl. Ex. B. On June 26, 2007, Defendants renewed their application for costs, and Plaintiff has

---

[*] William Schleifer, a Fall 2008 intern in my Chambers and a third-year law student at St. John's Law School, provided substantial assistance in the research and drafting of this opinion.

[1] The facts are fully set forth in this Court's previous opinions. *See Carmody v. City of New York*, No. 05 Civ. 8084, 2006 WL 1283125 (S.D.N.Y. May 11, 2006); *Carmody v. City of New York,* No. 05 Civ. 8084, 2006 WL 3317026 (S.D.N.Y. Nov. 13, 2006).

[2] Plaintiff claimed that Defendants violated 42 U.S.C. §§ 1981, 1983, 1985, 2003e-3, New York State Executive Law § 296, New York City Administrative Code § 8-502, and New York state common law.

1

failed to enter a response.

## II. DISCUSSION

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Whether to award costs is within the discretion of the district court. *See V-Formation Inc. v. Benetton Group SpA*, No. 01 Civ. 00610, 2003 WL 21403326, at *2 (S.D.N.Y. June 17, 2003). However, federal courts have no authority to award costs in excess of statutory limits. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

The Supreme Court has interpreted the word "costs" in Rule 54(d)(1) to mean only those categories of costs enumerated in 28 U.S.C. § 1920. *See id.* at 441. Those categories are the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees pursuant to 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services pursuant to 28 U.S.C. § 1828. 28 U.S.C. § 1920.

Local Civil Rule 54.1 limits the costs awardable in this district. Local Civil Rule 54.1(c)(2) permits an award of costs for "the original transcript of a deposition, and one copy," if the deposition was received into evidence at trial or used by the court in deciding a dispositive motion. Local Civil Rule 54.1(c)(5) permits an award of costs for a copy of an exhibit if the original was not available and the copy was used or received into evidence, but the cost of copies made for the convenience of counsel or the court is not allowed.

Here, Defendants seek costs in the amount of $1,557.10. This amount includes $1,176.60 for the original transcript of Plaintiff's deposition and two copies. *See* Profeta Decl. Ex. C (Five Star Reporting, Inc. invoice). Because Local Civil Rule 54.1(c)(2) permits an award of costs for only the original transcript and one copy, Defendants are not entitled to the cost of the second copy and the total amount must be reduced by one-third, to equal $784.40 (*i.e.*, $1,176.60 minus $392.20). *See Karmel v. City of New York*, No. 00 Civ. 09063, 2008 WL216929, at *4 (S.D.N.Y. Jan. 9, 2008) (reducing by one-third the cost of deposition transcripts where two copies were made). Defendants are entitled to the court reporter's fees in the amount of $75, pursuant to 28 U.S.C. § 1920(2). *See* Profeta Decl. Ex. C (Five Star Reporting, Inc. invoice).

Defendants also apply for costs in the amount of $305.50 for the reproduction of

audiotapes made in response to Plaintiff's discovery requests. Profeta Decl. Ex. D (International Video Services, Inc. invoice). They are not entitled to this amount because Local Civil Rule 54.1(c)(5) does not permit an award of costs for copies made for the convenience of counsel, as here.

Therefore, the total amount of costs to which Defendants are entitled is $859.40, for the original and one copy of Plaintiff's deposition transcript and the court reporter's fees.

## IV. CONCLUSION

For the foregoing reasons, Defendants are awarded costs against Plaintiff in the amount of $859.40. The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**August __, 2008**

_____
U.S.D.J.